UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-62044-CIV-SEITZ/SIMONTON

IN FLIGHT LEASING GROUP. LLC,

        Plaintiff,

v.

BIZJET INTERNATIONAL SALES
& SUPPORT, INC.,

        Defendant.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS

THIS MATTER is before the Court on Defendants's Motion to Dismiss Complaint, or, Alternatively, Motion to Strike Improper Claim for Damages [DE-6]. This action arises from Defendant's allegedly faulty repair of aircraft engines. Plaintiff's two-count complaint alleges a claim for (1) breach of express warranty and (2) negligence. Defendant seeks to dismiss both claims and, in the alternative, to strike Plaintiff's claim for lost profits. Because Plaintiff has adequately pled a breach of warranty claim and because Plaintiff can plead its claims in the alternative the motion to dismiss is granted in part and denied in part. The motion to strike is denied because Plaintiff may seek lost profits under a negligence cause of action.

### I.    Facts Alleged in the Complaint

On January 20, 2010, Defendant entered into an agreement with a company, PNCEF, LLC (PNC), in which Defendant agreed to perform certain testing, maintenance, and recertification services on two engines that were installed on a Gulfstream IV aircraft (the Aircraft). Included in the agreement was an express warranty that Defendant's "workmanship conforms to the intent of the requirements of the manufacturer of the engine or components, and that the quality of such workmanship is in accordance with the applicable provisions of the Federal Aviation

Regulations." The warranty further stated that it "may not be assigned without [Defendant's] prior written confirmation." The warranty also contained what Defendant has termed a "merger clause, " which stated that "[n]o agreement or understanding varying or extending the terms of this warranty shall be binding upon [Defendant] unless reduced to writing and signed by a duly authorized representative of [Defendant]."

On January 22, 2010, DFASS Management, Inc. (DFASS) entered into an aircraft purchase agreement with PNC to purchase the Aircraft, including the engines. The purchase agreement contained an assignment to the purchaser of "any and all of Seller's rights with respect to any manufacturer's warranties or repair or maintenance agreements relating to the Aircraft." According to the complaint, Defendant was aware of and consented to the transfer of the Aircraft and the warranties to DFASS. On April 20, 2010, PNC, DFASS, and Plaintiff entered into an Assignment, Assumption and Consent Agreement, whereby DFASS assigned to Plaintiff all of DFASS's rights under the aircraft purchase agreement and Plaintiff assumed all of DFASS's obligations under that agreement. Defendant was aware of and consented to the transfer of the Aircraft and the warranties to Plaintiff.

In January 2010, Defendant removed the engines from the Aircraft to perform service and repairs and, in April 2012, Defendant reinstalled the engines on the Aircraft. On September 21, 2010, it was discovered that the left-hand thrust reverser was not mounted correctly. Plaintiff notified Defendant of the problem and requested that Defendant perform or pay the cost to repair the problem. A representative of Defendant agreed that Defendant should be responsible for the repairs. However, Defendant has refused to perform or pay for the repairs. Consequently, Plaintiff was required to pay to have the repairs performed. As a result, Plaintiff has filed this action alleging breach of the express warranty of workmanship and negligence.

## II.     Motion To Dismiss Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the facial sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It should be read alongside Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint is challenged under Rule 12(b)(6), a court will presume that all well-pleaded allegations are true and view the pleadings in the light most favorable to the plaintiff. *American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). However, once a court "identifies pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," it must determine whether the well-pled facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A complaint can only survive a 12(b)(6) motion to dismiss if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the [factual] allegations in the complaint are true." *Twombly*, 550 U.S. at 555. However, a well-pled complaint survives a motion to dismiss "even if it strikes a savvy judge that actual proof of these facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

### III. Discussion

#### A. *The Motion to Dismiss is Denied as to Count I*

Defendant seeks to dismiss Count I of the complaint, breach of express warranty, because Defendant did not consent to the assignment of the contract containing the warranty. The warranty states that it "may not be re-assigned without [Defendant's] prior written confirmation." Defendant asserts that because the complaint does not allege that Defendant gave prior written confirmation to the reassignment of the warranty, Count I must be dismissed. The complaint does, however, allege that Defendant "was aware of and consented to the transfer" of the warranty. Thus, Plaintiff argues that it has adequately pled the breach of warranty claim. In its reply, Defendant also points out that the warranty contains a merger clause which requires that any agreements varying the terms of the warranty must be reduced to writing and signed by Defendant.

In Florida, "a party may waive a covenant of a contract for whose benefit it is inserted." *Visible Difference, Inc. v. The Velvey Swing, L.L.C.*, 862 So. 2d 753, 755 (Fla 4th DCA 2003) (quoting *Amercian Ideal Mgmt., Inc. v. Dale Vill., Inc.* 567 So. 2d 497 (Fla. 4th DCA 1990)). Thus, Defendant could waive not only the warranty assignment clause but also the merger clause. At the motion to dismiss stage, the Court must make all inferences in favor of the non-moving party. Consequently, the complaint, by alleging that Defendant "was aware of and consented to the transfer," adequately states a claim for breach of the warranty. Accordingly, the motion to dismiss Count I is denied.

#### B. *The Motion to Dismiss is Granted as to Count II With Leave to Amend*

Defendant seeks to dismiss Count II, for negligence, because it is barred by the economic loss rule and because it fails to state a cause of action. In response to the economic loss rule

argument, Plaintiff contends that it is pleading the breach of warranty claim and the negligence claim in the alternative. While this is permissible, the way the complaint is pled does not set out alternative theories of recovery. Count II incorporates the allegations that the warranty was assigned to Plaintiff. Thus, on the face of the complaint, Plaintiff's negligence claim is barred by the economic loss rule. However, such pleading problems may be corrected with an amended complaint.

Defendant also argues that Plaintiff's negligence claim fails to state a claim because Defendant did not owe any duty to Plaintiff. Defendant relies on *Palau International Traders, Inc. v. Narcam Aircraft, Inc.*, 653 So. 2d 412 (Fla. 3d DCA 1995),[1] to support its assertion that an aircraft repair facility owes no duty of care to a buyer of the aircraft with whom the repair facility had no privity of contract. However, *Palau* held that no duty of care arises under section 552 of the Restatement[2] between an airplane repair company and a buyer of an airplane with whom it had no privity of contract. Based on the language of the complaint, Plaintiff's negligence claim

---

[1]*Palua* was expressly disapproved by *Indemnity Insurance Company of North America v. American Aviation, Inc.*, 891 So. 2d 532 (Fla. 2004) on the issue of the application of the economic loss rule. The *Indemnity Insurance* case did not directly address the issue of whether a aircraft repair company owed a common law duty of care to a buyer of an aircraft.

[2]Section 552 of the Restatement Second of Torts states:
(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
    (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
    (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

does not appear to arise from a breach of duty based on a failure to supply accurate information. Thus, section 552 of the Restatement would not apply here and *Palau* is inapposite. Consequently, Defendant has failed to establish that it owed no duty of care to Plaintiff as a matter of law.

### C. *The Motion to Strike the Demand for Lost Profit Damages is Denied*

Last, Defendant moves to strike Plaintiff's damages claim for lost profits. Defendant asserts that the warranty expressly excludes lost profits as recoverable damages. However, the warranty's exclusion would only be applicable to the breach of warranty count. If it is determined that the warranty was not properly assigned, then Plaintiff would proceed under the negligence count and the language of the warranty would be inapplicable. Consequently, Plaintiff may seek lost profits under its negligence claim. Accordingly, the motion to strike is denied as to Count II.

Upon consideration, it is hereby

ORDERED THAT Defendants's Motion to Dismiss Complaint, or, Alternatively, Motion to Strike Improper Claim for Damages [DE-6] is GRANTED in part and DENIED in part:

1. The Motion to Dismiss is GRANTED as to Count II.
2. The Motion is Strike is GRANTED as to Count I.
3. The Motion is DENIED in all other respects.
4. Plaintiff may file an amended complaint by **January 31, 2012.**

DONE and ORDERED in Miami, Florida, this 11 day of January, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record